CANTRELL v. FOWLER.

1. In the absence of evidence to the contrary, there is a presumption that public officers have done their duty; therefore, when a trial justice had acquired jurisdiction of the subject-matter and the person, a jury may presume that the account sued on in the case before that officer was properly proved.

2. A person summoned to answer a claim of one person cannot be bound by a judgment, rendered upon such summons, in favor of another, especially in cases of default; and the firm of A. & B. is a different person in law from the firm of A., B. & Co.

3. A judgment constitutes no lien upon the land of the debtor exempt from levy and sale, in the possession either of such debtor or of another person to whom the debtor has conveyed it, whether such land has been admeasured and set off as a homestead or not.

Mr. Justice McGowan, dissenting.

REP.]                November Term, 1885.

Before COTHRAN, J., Spartanburg, March, 1885.

This was an action by I. H. Cantrell against William Fowler and S. T. McCravy, for the recovery of a lot of land, commenced September 15, 1883. The opinion sufficiently states the case.

*Mr. J. S. R. Thomson*, for appellant, upon the first points considered by this court, cited *Code*, § 88, ¶ 8; *Chev.*, 6; *Pen. (N. J.)*, 106; 3 *Id.*, 621; 13 *Wend.*, 85; 29 *Barb.*, 524; 2 *Wait Prac.*, 373, 563; 3 *Ibid.*, 563; *Freem. Judg.*, 160, 338; 20 *S. C.*, 460; 21 *Id.*, 26; 2 *Cold.*, 298; 33 *Cal.*, 322; 14 *S. C.*, 166. Upon the question of the lien of the judgment upon lands exempt from levy and sale, counsel cited *Code*, § 310; *Const.*, Art. II., § 32; 27 *Miss.*, 481; 15 *S. C.*, 30; *Murf. Sher.*, §§ 485, 600; *Freem. Exec.*, §§ 138, 218, 249, 250, 355; *Thomp. Hom.*, § 733; 20 *Amer. Rep.*, 150; 39 *Ibid.*, 1; 5 *S. C.*, 75; 20 *Id.*, 523; 16 *Conn.*, 147; 19 *S. C.*, 244; 21 *Ill.*, 104; 15 *Ala.*, 828; 2 *B. Mon.*, 19; 3 *Strob.*, 193; 4 *Id.*, 364.

*Messrs. Bobo & Carlisle*, contra, upon the question of the validity of the trial justice's judgment, cited *Freem. Judg.*, §§ 487, 524, 531; 20 *Johns.*, 208; 1 *Bail.*, 457; 19 *S. C.*, 575; 18 *Id.*, 327; 21 *Id.*, 83; 15 *Id.*, 66. The land was not exempt from levy and sale as a homestead, 19 *S. C.*, 242; 20 *Id.*, 248; 21 *Id.*, 137.

March 20, 1886. The opinion of the court was delivered by

MR. JUSTICE MCIVER. This was an action to recover possession of a house and lot in the city of Spartanburg, both parties claiming from a common source of title, W. B. Ravan—the plaintiff, claiming under a deed from said Ravan bearing date November 30, 1882, and the defendants claiming as purchasers at sheriff's sale under an alleged judgment and execution against said Ravan. There was evidence introduced to the effect that the property in question was exempt under the homestead laws of this State from levy and sale under execution, the same being the family residence of Ravan, who was the head of a family and not worth more than three hundred dollars.

The judgment under which the defendants claimed was recovered in a trial justice's court on December 22, 1881, and a transcript thereof filed in the Court of Common Pleas on October 31, 1882, on an account for $32.50 in favor of Fowler, Robison & Co. against W. B. Ravan, and the summons was issued in the name of that firm and personally served on said Ravan, who failing to appear, judgment by default was rendered against him "in favor of the plaintiffs," but the transcript filed in the Court of Common Pleas was of a judgment in favor of Fowler & Robison, and not Fowler, Robison & Co., against said W. B. Ravan. How the case became converted from one in favor of Fowler, Robison & Co. to one in favor of Fowler & Robison does not appear, though it does appear that there were two firms, one composed of Fowler, Sr., Wm. Fowler, and R. A. Robison, which was styled Fowler, Robison & Co., and the other composed of Wm. Fowler and R. A. Robison and styled Fowler & Robison. The property in question was levied on under said judgment on June 16, 1883, and sold by the sheriff on September 3, 1883, to the defendants, who received a sheriff's title therefor. It did not appear on the record or in the evidence that any proof of the account sued on was offered before the trial justice.

The Circuit Judge charged the jury in substance that the trial justice having jurisdiction of the subject-matter, and having obtained jurisdiction of the person of the defendants, they might presume that there was evidence offered at the trial to prove the account sued upon and to show that the same was really due to Fowler & Robison instead of to Fowler, Robison & Co. upon the principle that public officers, in the absence of evidence to the contrary, are presumed to have done their duty. He also instructed the jury that the question of homestead had nothing to do with the case, and when requested to charge the following propositions: "1. That if the real estate in question was such property as, under the law, was not liable to levy and sale for Ravan's debts, then the judgment created no lien upon said property and a purchaser from Ravan could not be disturbed by this judgment. 2. Under our act no property is liable to levy and sale which the defendant could lawfully claim as exempt, whether such exempted property was set off to him or not under

legal proceedings," his reply was: "Those are true, Mr. Fore-
man, but they have no application to this case." The jury hav-
ing rendered a verdict for the defendants,. and judgment having
been entered thereon, the plaintiff appeals upon numerous
grounds, which, from the view we take of the case, need not be
considered *seriatim.*

We agree with the Circuit Judge that when it appeared that
the trial justice had acquired jurisdiction there is a presumption,
upon the principle stated by him, that, in the absence of evidence
to the contrary, everything else was regular and proper, and
hence the jury might presume that the account sued on was
properly proved as required by law even though such proof may
not appear upon the record. But we cannot agree that there was
any presumption that the account which the defendant was called
upon to answer was properly proved to have been really due to
Fowler & Robison and not to Fowler, Robison & Co., so as to
authorize a judgment in favor of the former. In the eye of the
law those two firms were distinct and different persons, and
although it may have appeared that W. B. Ravan had been made
a party to an action brought by one person in law (Fowler,
Robison & Co.), there was nothing whatever to show that he had
ever been made a party to an action brought by another person
in law (Fowler & Robison); and this being a jurisdictional
fact cannot be presumed, but must appear on the proceedings in
the trial justice's court. *Barron* v. *Dent,* 17 *S. C.,* 80, and cases
there cited.

Where a person is summoned before a trial justice to answer
the complaint of one person and makes default, no judgment can
be rendered against him in favor of another person, for he cannot
be said to be a party to an action in favor of such person. For
all that we know, Ravan might have had no defence to an action
brought by Fowler, Robison & Co., and hence when summoned
to answer a complaint made by them he made default; but he
may have had a defence by counter-claim or otherwise to an action
brought by Fowler & Robison, and if he had been required to
answer a complaint made by them, he would have had the oppor-
tunity to appear and make his defence. Be that as it may, how-
ever, we think it clear that a person summoned to answer a claim

of A. cannot be bound by a judgment upon such summons rendered in favor of B., especially when such judgment is rendered by default; to be bound he must be made a party to the action in which the judgment was rendered. This view renders it unnecessary to consider the various other objections made to the judgment, and, being fatal to the judgment under which defendants claim, is also fatal to their title.

The remaining inquiry is as to the effect of the homestead laws. Under the code, as originally adopted, final judgments were not a lien on real estate until levied, and when by the act of November 25, 1873, the code was amended by making them a lien for a limited period, it was expressly provided: "That this section shall not be so construed as to make final judgments in any case a lien on the real property of the judgment debtor exempt from attachment, levy, and sale under the constitution." It seems to us clear that, under this express provision of the statute law, the judgment under which defendants claim, even if valid, could have had no lien upon any property of the judgment debtor which was exempt from levy and sale under the homestead laws; and if, as the evidence tended to show, the property here in question was so exempt, the judgment was no lien upon it, and there could be no valid levy or sale of it under execution.

Now, if the judgment was no lien upon this property while it was in the possession of Ravan, because it was exempt under the homestead laws, and if, as has been held, a judgment debtor can sell or mortgage his homestead, then it follows that the judgment never could be a lien upon the property in dispute, for as soon as it was conveyed to the plaintiff it became his property, and as such of course not subject to the lien of a judgment against another person; for if, as we have seen, there was no lien upon it at the time of the sale to the plaintiff, then, of course, the plaintiff took his title free from any lien. The fact that the homestead had not been admeasured and set off, is a matter of no consequence. That is intended merely to designate *what* is exempt, and does not affect *the right* of exemption, which is guaranteed by the constitution and laws passed in pursuance thereof. Any other view would render the right of a debtor to sell his homestead absolutely valueless and have the effect of tying him down

to one particular spot; for if his creditors can follow the property exempted while in his hands after it gets into the hands of a purchaser, it is not likely that he would ever be able to find a purchaser. These views are fully supported by the principles established by the case of *Elliot* v. *Mackorell*, 19 *S. C.*, 238, and the cases therein cited.

We are of opinion, therefore, that the Circuit Judge erred in refusing to charge the jury as requested in reference to the effect of the provisions of the homestead laws.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.

MR. CHIEF JUSTICE SIMPSON concurred.

MR. JUSTICE MCGOWAN. I concur except as to what is said upon the subject of homestead, but as to that I dissent. From press of engagements I cannot now give fully my reasons, but I hope to do so at some future time.

It seems to me that the law does not compel any one to claim homestead or impress upon his land the character of homestead without any agency of his, merely upon his general right to claim it; that it is optional with the debtor, and until he claims it and has it set off and located he may sell it unincumbered with the vague general right. But when he claims it, and it is set off on a particular piece of land, that identical land is then dedicated as homestead; which, as I understand it, is a habitation, a home for the family, necessarily fixed, and may not be sold by the creditors nor by the debtor himself except in the manner provided by the law, which under certain circumstances allows a sale for the purpose of exchange. See *Gen. Stat.*, § 1994.

The homestead provision does not contemplate a mere money benefit to the debtor, but a local, fixed shelter for the family. This is implied in the very use of the word "homestead." This is the only ground upon which the law of homestead is defensible; for it would not, upon any principle, be allowable to take money from the creditor and make a donation of it to the debtor. If the debtor at his pleasure has the right to sell the homestead set apart for his family, I do not clearly see why he could not

contract other debts, purchase other land, and claim homestead a *second or third time.* The view contended for, as it seems to me, is contrary to the spirit of the constitution, the proper construction of the acts upon the subject, tends to endless confusion, and practically defeats the very purpose of homestead; for by turning the exemption into a mere money donation to the debtor, the family is certainly turned out of doors.